UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 14-62369-CIV-BLOOM/VALLE

ARCTIC CAT INC.,

        Plaintiff

vs.                               **JURY TRIAL DEMANDED**

BOMBARDIER RECREATIONAL
PRODUCTS INC.

and

BRP U.S. INC.,

        Defendants.
_____/

## DEFENDANT BRP U.S. INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO ARCTIC CAT INC.'S COMPLAINT

Defendant BRP U.S. Inc. ("BRP US") responds to the Complaint of Plaintiff Arctic Cat Inc. ("Arctic Cat"), filed October 16, 2014, as follows:

### I. PARTIES

1. BRP US lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1.

2. BRP US admits the allegations set forth in Paragraph 2.

3. BRP US admits it has a principal place of business at 10101 Science Drive, Sturtevant, Wisconsin 53177-1757. BRP US admits it has a place of business at 1600 Sawgrass Corporate Parkway, Suite 150, Sunrise, Florida 33323. BRP US denies the remaining allegations set forth in Paragraph 3.

## II.     JURISDICTION AND VENUE

4. BRP US admits that Arctic Cat purports to assert a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, including 35 U.S.C. § 271.  BRP US admits that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332(a)(1), and 1338(a).

5. BRP US admits that it markets, promotes, offers for sale, sells, and distributes personal watercraft to dealers for resale to and use by residents in the state of Florida. BRP US denies that it has committed any act of patent infringement in this judicial district and further denies the remaining allegations set forth in Paragraph 5, including to the extent that the allegations call for a legal conclusion.

6. BRP US denies that it has committed any act of patent infringement in this judicial district, and denies the remaining allegations set forth in Paragraph 6 to the extent that the allegations call for a legal conclusion.

## III.     ARCTIC CAT'S ALLEGEDELY PATENTED TECHNOLOGY

7. The 1998 study by the National Transportation Safety Board referenced in Paragraph 7 speaks for itself.  BRP US denies the remaining allegations set forth in Paragraph 7.

8. The 1998 study by the National Transportation Safety Board referenced in Paragraph 8 speaks for itself.  BRP US denies the remaining allegations set forth in Paragraph 8.

9. BRP US denies the allegations set forth in Paragraph 9.

10. BRP US admits that the United States Patent and Trademark Office has issued what appear to be patents listing Arctic Cat as an assignee.  BRP US denies the remaining allegations set forth in Paragraph 10.

11. BRP US admits the allegations set forth in Paragraph 11.

12. BRP US admits the allegations set forth in Paragraph 12.

13. BRP US admits the allegations set forth in Paragraph 13.

14. BRP US admits that Arctic Cat is listed as the assignee on each of the patents. BRP US denies the remaining allegations set forth in Paragraph 14.

## IV. BRP'S ALLEGED INFRINGEMENT OF ARCTIC CAT'S PATENTS

15. BRP US admits that it sells and distributes Sea-Doo PWC. BRP US denies the remaining allegations set forth in Paragraph 15.

16. BRP US admits that, in 2002, Bombardier Inc. (predecessor of Bombardier Recreational Products Inc.) introduced an Off Power Assisted Steering (OPAS) system. BRP US further admits that the OPAS system uses dual side vanes which assist the watercraft steering in deceleration. The retractable side vanes attach to the hull of the craft. The system assists with steering by redirecting the personal watercraft's path when the operator turns the handlebars after releasing the throttle. At that point, the side vanes on the rear sides of the hull turn as the handlebars turn to assist the PWC turning. To the extent paragraph 16 contains any additional allegations, BRP US denies them.

17. BRP US denies the allegations of Paragraph 17 as phrased. BRP US further responds that Bombardier Recreational Products Inc.'s 2012 Shop Manual, along with Figure 2, speak for themselves as to their terms, conditions, representations and limitations. To the extent Paragraph 17 contains additional allegations, BRP US denies them.

18. BRP US denies the allegations of Paragraph 18 as phrased. BRP US further responds that the website address referenced, along with Figure 3, speak for themselves as to their terms, conditions, representations and limitations. To the extent Paragraph 18 contains additional allegations, BRP US denies them.

19.   BRP US admits that OTAS was included in Sea-Doo GTX Limited iS 255, RXT iS 255, Sea-Doo GTX Limited iS 260, GTX iS 215, GTX 155, RXT iS 260, RXT-X 260, RXT 215, Wake Pro 215, Sea-Doo GTX Limited iS 260, GTX iS 215, GTX 155, RXT iS 260, RTX aS 260, RXT-X 260, RXT 260, Wake Pro 215, Wake 155, GTI SE 130, GTI SE 155, GTI 130, GTI Limited 155, GTS 130 and all Sea-Doo models after 2012 and continuing through to the present. BRP US denies the remaining allegations set forth in Paragraph 19.

20.   BRP US denies the allegations set forth in Paragraph 20.

21.   BRP US denies the allegations set forth in Paragraph 21.

## COUNT I
## ALLEGED INFRINGEMENT OF THE '545 PATENT

22.   BRP US incorporates its answers to Paragraphs 1-21 as if fully set forth herein.

23.   BRP US denies that it infringes one or more claims of the '545 Patent and therefore denies the allegations set forth in Paragraph 23.

24.   BRP US denies the allegations set forth in Paragraph 24.

25.   BRP US denies the allegations set forth in Paragraph 25.

## COUNT II
## ALLEGED INFRINGEMENT OF THE '912 PATENT

26.   BRP US incorporates is answers to Paragraphs 1-25 as if fully set forth herein.

27.   BRP US denies that it infringes one or more claims of the '912 Patent and therefore denies the allegations set forth in Paragraph 27.

28.   BRP US denies the allegations set forth in Paragraph 28.

## COUNT III
## ALLEGED INFRINGEMENT OF THE '969 PATENT

29.   BRP US incorporates is answers to Paragraphs 1-28 as if fully set forth herein.

30. BRP US denies that it infringes one or more claims of the '969 Patent and therefore denies the allegations set forth in Paragraph 30.

31. BRP US denies the allegations set forth in Paragraph 31.

## PRAYER FOR RELIEF

BRP US denies that Arctic Cat is entitled to any relief from BRP US, at least because the claims of the patents-in-suit are neither valid nor infringed, directly or indirectly, by BRP US. BRP US further denies the allegations in sub-paragraphs A through F of Arctic Cat's Prayer for Relief.

## RESERVATION OF COUNTERCLAIMS AND ADDITIONAL AFFIRMATIVE DEFENSES

32. Discovery in the case has not yet commenced, and BRP US continues to investigate the allegations in the Complaint, as well as Arctic Cat's basis for filing the same. BRP US, therefore, gives notice that it intends to rely on any counterclaims and affirmative defenses that may become available by law or equity or upon discovery in this case, and BRP US reserves the right to amend its Answer to assert any such additional counterclaims or affirmative defenses.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (NONINFRINGEMENT OF THE '545 PATENT)

33. BRP US has not infringed any valid claim of the '545 patent, either literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE
## (INVALIDITY OF THE '545 PATENT)

34. The claims of the '545 patent are invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including without limitation Sections 101, 102, 103, and/or 112 thereof.

## THIRD AFFIRMATIVE DEFENSE
## (NONINFRINGEMENT OF THE '912 PATENT)

35. BRP US has not infringed any valid claim of the '912 patent, either literally or under the doctrine of equivalents.

## FOURTH AFFIRMATIVE DEFENSE
## (INVALIDITY OF THE '912 PATENT)

36. The claims of the '912 patent are invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including without limitation Sections 101, 102, 103, and/or 112 thereof.

## FIFTH AFFIRMATIVE DEFENSE
## (NONINFRINGEMENT OF THE '969 PATENT)

37. BRP US has not infringed any valid claim of the '969 patent, either literally or under the doctrine of equivalents.

## SIXTH AFFIRMATIVE DEFENSE
## (INVALIDITY OF THE '969 PATENT)

38. The claims of the '969 patent are invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including without limitation Sections 101, 102, 103, and/or 112 thereof.

## SEVENTH AFFIRMATIVE DEFENSE
### (LACK OF STANDING)

39. Upon information and belief, Arctic Cat does not have standing to bring any or all of the claims in its Complaint because Arctic Cat does not own all rights to the '545, '912, or '969 Patent.

## EIGHTH AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

40. Arctic Cat's Complaint fails to state a claim on which relief can be granted.

## NINTH AFFIRMATIVE DEFENSE
### (LACHES/WAIVER/ESTOPPEL)

41. Upon information and belief, Arctic Cat's claims are barred by the equitable doctrines of laches, unclean hands, estoppel, and/or waiver, including prosecution laches.

## TENTH AFFIRMATIVE DEFENSE
### (PROSECUTION HISTORY ESTOPPEL)

42. To the extent that Arctic Cat alleges infringement under the doctrine of equivalents, Arctic Cat's alleged causes of action are barred under, by way of example, at least the doctrine of prosecution history estoppel arising during the prosecution of the application for the '545 patent, '912 patent, and/or '969 patent and any applications to which the '545 patent, '912 patent, and/or '969 patent claims priority. Arctic Cat is estopped from asserting that the '545 patent, '912 patent, and/or '969 patent covers or includes, either literally or by application of the doctrine of equivalents, any BRP US product.

## ELEVENTH AFFIRMATIVE DEFENSE
### (LIMITATIONS ON DAMAGES)

43. Any claim by Arctic Cat for damages is statutorily limited under 35 U.S.C. §§ 286 (Statute of Limitations), 287 (Patent Marking), and/or 288 (Disclaimer of Invalid Claims), and additionally may be limited by 28 U.S.C. § 1498 (Government Sales).

44. Arctic Cat's claims for alleged damages arising from infringement of the '912 and '969 patents are precluded in whole or in part under 35 U.S.C. § 286, because both the '912 and '969 patents expired due to failure to pay scheduled maintenance fees prior to the filing of the Complaint and due to BRP US's lack of actual or constructive notice of the '912 and '969 patents prior to their expiration.

## TWELFTH AFFIRMATIVE DEFENSE
### (NO INJUNCTIVE RELIEF)

45. Arctic Cat is not entitled to injunctive relief at least because any alleged injury is not immediate or irreparable, and because Arctic Cat has an adequate remedy at law for any alleged injury.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (PATENT EXHAUSTION)

46. Arctic Cat's claims for infringement of the '545 patent, '912 patent, and/or '969 patent are precluded in whole or in part (i) to the extent that any allegedly infringing products are supplied, directly or indirectly, to BRP US by an entity or entities having express or implied licenses to the '545 patent, '912 patent, and/or '969 patent and/or (ii) under the doctrine of patent exhaustion.

## PRAYER FOR RELIEF

WHEREFORE, BRP US denies that Arctic Cat is entitled to any relief as prayed for in the Complaint or otherwise and, accordingly, respectfully prays for entry of judgment:

1. Finding that Arctic Cat takes nothing by its Complaint;

2. Dismissing Arctic Cat's Complaint and claims for relief alleged therein with prejudice;

3. Finding that BRP US has not infringed and is not infringing any of the claims of the '545 patent;

4. Finding that each claim of the '545 patent is invalid;

5. Finding that BRP US has not infringed and is not infringing any of the claims of the '912 patent;

6. Finding that each claim of the '912 patent is invalid;

7. Finding that BRP US has not infringed and is not infringing any of the claims of the '969 patent;

8. Finding that each claim of the '969 patent is invalid;

9. Enjoining Arctic Cat and/or any of its successors and attorneys, and all persons in active concern or participating with any of them, from directly or indirectly asserting infringement against, or instituting any further action for infringement of the '545 patent, '912 patent, and/or '969 patent against BRP US, or any of its customers, agents, successors, and assigns;

10. Finding this to be an exceptional case under 35 U.S.C. § 285 and awarding BRP US its reasonable attorneys' fees, expenses, and costs incurred in connection with this action; and

11. Awarding to BRP US such other and further relief, in law or in equity, as this Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), BRP US respectfully requests a trial by jury of any and all issues on which a trial by jury is available under applicable law.

Dated:  January 9, 2015                                    Respectfully submitted,

s/ *Scott M. Sarason*
Scott M. Sarason (Florida Bar No. 0394718)
ssarason@rumberger.com
Rumberger Kirk & Caldwell
Brickell Bayview Centre, Suite 3000
80 Southwest 8th Street
Miami, FL 33130-3037
Telephone: (305) 995-5422
Facsimile: (786) 536-3446

John D. Luken (Not admitted in Florida)
john.luken@dinsmore.com
Joshua A. Lorentz (Not admitted in Florida)
joshua.lorentz@dinsmore.com
Lauren E. Ingebritson (Not admitted in Florida)
lauren.ingebritson@dinsmore.com
DINSMORE & SHOHL LLP
1900 First Financial Center
255 East Fifth Street
Cincinnati, OH 45202
Telephone: (513) 977-8200
Facsimile: (513) 977-8141

Jason M. Wejnert (Not admitted in Florida)
jason.wejnert@dinsmore.com
DINSMORE & SHOHL LLP
227 W. Monroe Street
Suite 3850
Chicago, IL 60606
Telephone: (312) 428-2730
Facsimile: (312) 372-6085

*Attorneys for Defendant BRP U.S. Inc.*

**Certificate of Service**

**I hereby certify** that on January 9, 2015, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF, which will send notification of such filing to all counsel of record on the Service List below.

*s/Scott M. Sarason*

**SERVICE LIST**

| | |
|---|---|
| Lance A. Harke | Steve W. Berman |
| lharke@harkeclasby.com | steve@hbsslaw.com |
| Sarah Clasby Engel | Nicholas S. Boebel |
| sengel@harkeclasby.com | nickb@hbsslaw.com |
| Howard M. Bushman | HAGENS BERMAN SOBOL SHAPIRO LLP |
| hbushman@harkeclasby.com | 1918 Eighth Avenue, Suite 3300 |
| HARKE CLASBY & BUSHMAN LLP | Seattle, WA 98101 |
| 9699 NE Second Avenue | Telephone: (206) 268-9320 |
| Miami Shores, FL 33138 | Facsimile: (206) 623-0594 |
| Telephone: (305) 536-8220 | |
| Facsimile: (305) 536-8229 | *Attorneys for Plaintiff Arctic Cat Inc.* |

*Attorneys for Plaintiff Arctic Cat Inc.*