UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 14-cv-62369-BLOOM/VALLE

ARCTIC CAT INC.,

    Plaintiff,

vs.

BOMBARDIER RECREATIONAL
PRODUCTS INC. AND BRP U.S. INC.,

    Defendants,
_____

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Arctic Cat Inc. ("Arctic Cat"), for its Complaint against defendants Bombardier Recreational Products Inc. and BRP U.S. Inc. (Collectively "BRP"), states and alleges as follows:

## I.     PARTIES

1. Plaintiff Arctic Cat Inc. is a corporation organized and existing under the laws of the State of Minnesota, having a principal place of business at 505 North Highway 169, Suite 1000, Plymouth, Minnesota 55441. Arctic Cat regularly conducts business in the State of Florida, including this Judicial District, and has a full-time employee based in Valrico, Florida.

2. Defendant Bombardier Recreational Products Inc. is a corporation organized and existing under the laws of Canada and having a principal place of business at 726 rue St-Joseph Street, Valcourt, Quebec, Canada J0E 2L0.

3. Defendant BRP U.S. Inc. is a corporation organized and existing under the laws of the State of Delaware, and having a principal place of business at 10101 Science Drive, Sturtevant, Wisconsin 53177-1757. On information and belief, BRP U.S., Inc. maintains a regular and established place of business in this Judicial District at 1600 Sawgrass Corporate Parkway, Suite 150, Sunrise, Florida 33323.

## II.    JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, including 35 U.S.C. § 271. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question), 1332(a)(1) (diversity of citizenship), and 1338(a) (Act of Congress relating to patents).

5. Defendants are subject to personal jurisdiction in this judicial district because they have committed, and are continuing to commit, substantial acts of infringement in this judicial district by marketing, promoting, offering for sale, selling, and distributing personal watercraft to

dealers in this judicial district for resale to and use by residents of this judicial district, which personal watercraft infringe patents owned by Arctic Cat as hereinafter more fully set forth.

6.      Venue is proper pursuant to 28 U.S.C. § 1391(b) and § 1400(b).

### III.     ARCTIC CAT'S PATENTED TECHNOLOGY

7.      Jet propulsion personal watercraft ("PWC") present unique safety challenges. In a 1998 study the National Transportation Safety Board ("NTSB") noted that "PWC are the only type of recreational vessel for which the leading cause of fatalities is not drowning; in PWC fatalities, more persons die from blunt force trauma than from drowning."

8.      One reason cited by the NTSB for the unique dangers of PWC was the absence of off-throttle steering:

> A PWC uses a moveable nozzle connected to a jet pump, rather than a propeller, to power the vessel. This distinction affects the operating and handling characteristics of the vessel. The most notable distinction is "off-throttle steering," a trade term for the situation that exists when an operator releases the throttle and then attempts to execute a turn. The term is an oxymoron because there is little or no steering capability when the throttle is off. Turning the PWC handlebars changes the angle of water exiting the jet pump, but without power to the jet pump, there is little or no directional thrust. As stated in the owner's safety manual of one PWC manufacturer, "Remember, releasing the throttle completely eliminates the ability to steer the watercraft." ***This operating characteristic is likely to be counterintuitive to novice operators, particularly in situations of potential collision***.

9.      Arctic Cat developed a novel and effective thrust mechanism to provide riders with temporary "steerable thrust" in conditions where a rider turns the steering mechanism of the PWC and the throttle is returned to the idle position. The technology allows for a safer and more intuitive riding experience. Arctic Cat representatives demonstrated a prototype of this technology to the Coast Guard, to representatives of BRP, and to others in the PWC industry in 1999 and 2000.

10.     The United States Patent and Trademark Office has awarded Arctic Cat patents for its novel and valuable off-throttle steering technology.

11.     On September 21, 2004, the U.S. Patent and Trademark Office issued U.S. Patent No. 6,793,545 ("'545 patent") entitled "Controlled Thrust Steering System for Watercraft."

12.     On October 21, 2003, the U.S. Patent and Trademark Office issued U.S. Patent No. 6,634,912 ("'912 patent") entitled "Controlled Thrust Steering System for Watercraft."

13.     On May 27, 2003, the U.S. Patent and Trademark Office issued U.S. Patent No. 6,568,969 ("'969 patent") entitled "Controlled Thrust Steering System for Watercraft."

14.     Arctic Cat is the owner by assignment of the '545, '912, and '969 patents.

### IV.     BRP'S INFRINGEMENT OF ARCTIC CAT'S PATENTS

15.     BRP is the manufacturer and seller of the industry-leading Sea-Doo line of PWC.

16.     On information and belief, BRP began offering Off-Power Assisted Steering ("OPAS") on certain 2002 models of Sea-Doo PWC. OPAS relied on the deployment of mechanical rudders in low or off-power conditions. The mechanical rudders would retract during normal operation of the PWC. *See* Fig. 1.

Figure 1

17.     In 2009, BRP began phasing out OPAS from its Sea-Doo PWC and replacing it with Off-Throttle Assisted Steering ("OTAS"). As described in BRP's 2012 Shop Manual, magnets are mounted on the steering column that activate a switch under specified circumstances. If activated, the OTAS system maintains or increases engine speed to approximately 3,000 RPM for a temporary period to provide the rider with steerable thrust. *See* Fig. 2.

18. BRP promotes the OTAS technology as a key safety innovation on its website at http://www.brp.com/en-gb/innovation/safety-features-0 *See* Fig. 3.



Figure 3

Figure 2

19. BRP brought OTAS to its 2009 Sea-Doo GTX Limited iS 255 and RXT iS 255. In 2010, OTAS was included with the Sea-Doo GTX Limited iS 260, GTX iS 215, GTX 155, RXT iS 260, RXT-X 260, RXT 215, and Wake Pro 215. By 2011, OTAS technology was included with the Sea-Doo GTX Limited iS 260, GTX iS 215, GTX 155, RXT iS 260, RTX aS 260, RXT-X 260, RXT 260, Wake Pro 215, Wake 155, GTI SE 130, GTI SE 155, GTI 130, GTI Limited 155, and GTS 130. On information and belief, after 2012 and continuing through to the present, all Sea-Doo models of PWC include OTAS technology.

20. On information and belief, BRP determined that Arctic Cat's OTAS technology provided enhanced rider safety and other benefits that were unavailable with BRP's OPAS technology. On further information and belief, BRP's adoption of OTAS technology has helped reduce the number of avoidable injuries and deaths from operation of Sea-Doo PWCs.

21. The Sea-Doo OTAS technology infringes one or more claims of the Arctic Cat '545, '912, and '969 patents, and on information and belief BRP adopted the OTAS technology with actual knowledge of the '545 patent, '912 patent, and '969 patent.

22. On further information and belief, BRP deployed OTAS technology on its line of Sea-Doo PWC with actual knowledge that it infringed one or more claims of the '545 patent, '912 patent, and '969 patent.

## COUNT I

## INFRINGEMENT OF THE '545 PATENT

23. The allegations of paragraphs 1-22 are incorporated as if fully set forth herein.

24. BRP infringes one or more claims of the '545 patent by making, using, importing into the U.S., offering to sell, and/or selling at least the following models of Sea-Doo PWC:

- 2009 model year: GTX Limited iS 255 and RXT iS 255;

- 2010 model year: GTX Limited iS 260, GTX iS 215, GTX 155, RXT iS 260, RXT-X 260, RXT 215, and Wake Pro 215;

- 2011: GTX Limited iS 260, GTX iS 215, GTX 155, RXT iS 260, RTX aS 260, RXT-X 260, RXT 260, Wake Pro 215, Wake 155, GTI SE 130, GTI SE 155, GTI 130, GTI Limited 155, and GTS 130;

- 2012: GTX Limited iS 260, GTX 155 S, GTX 155 / 215, RXT iS 260, RXT aS 260, RXT-X 260, RXT 260, RXP-X 260, GTR 215, Wake Pro 215, Wake 155, GTI SE 130 or 155, GTI 130, GTI Limited 155, GTS 130;

- 2013 model year: GTX Limited iS 260, GTX 155 S, GTX 155 / 215, RXT aS 260, RXT-X 260, RXT 260, RXP-X 260, GTR 215, Wake Pro 215, Wake 155, GTI SE 130 or 155, GTI 130, GTI Limited 155, GTS 130;

- 2014 model year: Spark, GTI 130, GTI Limited 155, GTI SE 130/155, GTS 130, GTX 155, GTX Limited 215, GTX Limited iS 260, GTX S 155, GTR 215, RXP-X 260, RXT

- 5 -

>       260, RXT-X 260, RXT-X aS 260, Wake 155, Wake Pro 215.

BRP's infringement is in violation of 35 U.S.C. § 271(a)-(c).

    25.    On information and belief, BRP will continue to infringe the '545 patent unless and until BRP is enjoined by this Court.

    26.    BRP's acts of infringement have caused and continue to cause damage to Arctic Cat, and Arctic Cat is entitled to recover from BRP the damages sustained by Arctic Cat in an amount to be determined at trial.

## COUNT II

## INFRINGEMENT OF THE '912 PATENT

    27.    The allegations of paragraphs 1-26 are incorporated as if fully set forth herein.

    28.    BRP has infringed one or more claims of the '912 patent by making, using, importing into the U.S., offering to sell, and/or selling at least the following models of Sea-Doo PWC:

- 2009 model year: GTX Limited iS 255 and RXT iS 255;

- 2010 model year: GTX Limited iS 260, GTX iS 215, GTX 155, RXT iS 260, RXT-X 260, RXT 215, and Wake Pro 215;

- 2011: GTX Limited iS 260, GTX iS 215, GTX 155, RXT iS 260, RTX aS 260, RXT-X 260, RXT 260, Wake Pro 215, Wake 155, GTI SE 130, GTI SE 155, GTI 130, GTI Limited 155, and GTS 130;

- 2012: GTX Limited iS 260, GTX 155 S, GTX 155 / 215, RXT iS 260, RXT aS 260, RXT-X 260, RXT 260, RXP-X 260, GTR 215, Wake Pro 215, Wake 155, GTI SE 130 or 155, GTI 130, GTI Limited 155, GTS 130.

BRP's infringement is in violation of 35 U.S.C. § 271(a)-(c).

29.     BRP's acts of infringement have caused damage to Arctic Cat, and Arctic Cat is entitled to recover from BRP the damages sustained by Arctic Cat in an amount to be determined at trial.

## COUNT III

### INFRINGEMENT OF THE '969 PATENT

30.     The allegations of paragraphs 1-29 are incorporated as if fully set forth herein.

31.     BRP has infringed one or more claims of the '969 patent by making, using, importing into the U.S., offering to sell, and/or selling at least the following models of Sea-Doo PWC:

- 2009 model year: GTX Limited iS 255 and RXT iS 255;

- 2010 model year: GTX Limited iS 260, GTX iS 215, GTX 155, RXT iS 260, RXT-X 260, RXT 215, and Wake Pro 215;

- 2011: GTX Limited iS 260, GTX iS 215, GTX 155, RXT iS 260, RTX aS 260, RXT-X 260, RXT 260, Wake Pro 215, Wake 155, GTI SE 130, GTI SE 155, GTI 130, GTI Limited 155, and GTS 130.

BRP's infringement is in violation of 35 U.S.C. § 271(a) and 35 U.S.C. § 271(c).

32.     BRP's acts of infringement have caused damage to Arctic Cat, and Arctic Cat is entitled to recover from BRP the damages sustained by Arctic Cat in an amount to be determined at trial.

### PRAYER FOR RELIEF

**WHEREFORE,** Arctic Cat respectfully requests that this Court enter judgment in its favor and against BRP, as follows:

A.     To enter judgment that BRP has infringed the '545, '912, and '969 patents in violation of 35 U.S.C. § 271;

B.  To enter orders preliminarily and permanently enjoining BRP and its officers, agents, directors, servants, employees, attorneys, representatives, parents, subsidiaries, affiliates, and all of those in active concert, privity or participation with them and their successors and assigns, from infringing the '545 patent;

C.  If supported by the documents and testimony offered at trial, enter judgment that BRP's acts of infringement have been willful and deliberate;

D.  To award Arctic Cat its damages in an amount adequate to compensate Arctic Cat for BRP's infringement of the '545, '912, and '969 patents consistent with 35 U.S.C. § 284, up to and including treble the amount of actual damages assessed, together with costs, and prejudgment and post-judgment interest;

E.  To declare this case to be "exceptional" under 35 U.S.C. § 285 and to award Arctic Cat its attorneys' fees, expenses, and costs incurred in this action; and

F.  To award Arctic Cat such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Arctic Cat respectfully requests a trial by jury of any and all issues on which a trial by jury is available under applicable law.

Dated:  March 31, 2015                    Respectfully submitted,

                                                s/ Lance A. Harke
                                                Lance A. Harke, P.A.
                                                Florida Bar No. 863599
                                                lharke@harkeclasby.com
                                                Sarah Clasby Engel, P.A.
                                                Florida Bar No. 991030
                                                sengel@harkeclasby.com
                                                Howard M. Bushman, P.A.

Florida Bar No. 0364230
hbushman@harkeclasby.com
**HARKE CLASBY & BUSHMAN LLP**
9699 NE Second Avenue
Miami Shores, Florida 33138
Telephone:     (305) 536-8220
Telecopier:    (305) 536-8229

Steve W. Berman (*pro hac vice*)
Nicholas S. Boebel (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 268-9320

*Counsel for Plaintiff*