UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-cv-62369-BLOOM/Valle

ARCTIC CAT INC.,

    Plaintiff,

v.

BOMBARDIER RECREATIONAL
PRODUCTS, INC., and BRP U.S. INC.,

    Defendants.
_____/

## FINAL JUDGMENT

**THIS CAUSE** is before the Court upon the jury verdict issued in the above-styled case, finding Defendants Bombardier Recreation Products, Inc. and BRP U.S. Inc. (hereinafter, referred to together as "BRP" or "Defendant") liable to Plaintiff Arctic Cat Inc. ("Plaintiff" or "Arctic Cat") for willful infringement, through the sale of certain models of personal watercraft, under the name Sea-Doo, which incorporated an off-throttle assisted steering technology. *See* ECF No. [153] ("Verdict," dated June 1, 2016). Therein, the jury found by a preponderance of the evidence that BRP infringed ten claims in Arctic Cat's Patents, United States Patent Numbers 6,793,545 ("the '545 Patent") and 6,568,969 ("the '969 Patent," together with the '545 Patent, the "Patents"), including Claims 13, 15, 17, 19, 25, and 30 of the '545 Patent as well as Claims 15, 16, 17, and 19 of the '969 Patent. *See id.* at 1-2. The jury further held that BRP failed to prove its invalidity defenses of anticipation, obviousness, and enablement. *Id.* at 2-3. As to damages, the jury found that October 16, 2008, is the proper starting date, and $102.54 is the reasonable royalty per unit sold to which Arctic Act is entitled. The parties stipulated to the

number of units sold since October 16, 2008, to wit, 151,790.  *See* ECF No. [149] (trial minutes, May 31, 2016).

Moreover, the jury found, by clear and convincing evidence, that BRP infringed the above-listed claims "with reckless disregard of whether such claim was infringed or was invalid or unenforceable," entitling Arctic Cat to treble damages.  Verdict at 4.  The issue of subjective willfulness reached the jury after the Court found objective willfulness by clear and convincing evidence, pursuant to the two-part *Seagate* test, in the Court's Order denying Judgment as a Matter of Law, ECF No. [148] ("Order").  *See In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007)).  Under the first, objective prong of this test, a patent owner must "show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *Seagate*, 497 F.3d at 1371.  Under the second, subjective prong, the patentee must demonstrate, also by clear and convincing evidence, that the risk of infringement "was either known or so obvious that it should have been known to the accused infringer."  *Id.*  Any consideration of the *Seagate* test was limited to the Court's Order denying judgment as a matter of law, and oral argument on the same – and did not affect any other aspect of the trial in this case. Coincidentally, the Supreme Court issued a ruling today that, *inter alia*, discards the *Seagate* test for willfulness as inconsistent with Section 284 of the Patent Act.  *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, No. 14-1513, 2016 WL 3221515, at *1 (U.S. June 13, 2016) (citing 35 U.S.C. § 284 (courts "may increase the damages up to three times the amount found or assessed")).  *Halo* finds that "an independent showing of objective recklessness should [*not*] be a prerequisite to enhanced damages."  2016 WL 3221515, at *1. Moreover, the Supreme Court instructed that "[e]nhanced damages are no exception" to the preponderance of the evidence standard that "has always" governed all other aspects of patent-

infringement litigation. *Id.* This decision, importantly, does not impact the validity of the instant judgment. Certainly, where both objective willfulness and subjective willfulness were found by clear and convincing evidence, a more lenient inquiry as to subjective willfulness, without the additional hurdle imposed by the objective willfulness analysis, and by the lesser preponderance of the evidence standard, would reach the same result.

For all of these reasons, pursuant to Federal Rule of Civil Procedure 58, it is **ORDERED AND ADJUDGED** as follows:

1. Judgment is entered **in favor of Plaintiff** and against Defendants upon the Verdict referenced herein.

2. Defendants are directed to return compensatory damages of **$46,693,639.80** to the Plaintiff, along with any applicable interest, as a result of the trebling of the amount due for 151,790 units at a reasonable royalty rate of $102.54 per unit.

3. The Court reserves jurisdiction to enter an award of attorneys' fees and costs pursuant to Southern District of Florida Local Rule 7.3.

4. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 13th day of June, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record