## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## CASE NO. 14-62369-CIV-BLOOM/VALLE

ARCTIC CAT INC.,
    Plaintiff,

v.

BOMBARDIER RECREATIONAL
PRODUCTS INC., *et al.*,
    Defendants.
_____/

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
## AND MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 56, Defendants Bombardier Recreational Products Inc. and BRP US Inc. (collectively "BRP") hereby move for summary judgment in BRP's favor, finding that Plaintiff Arctic Cat, Inc. ("Arctic Cat") failed to comply with the marking requirement of 35 U.S.C. § 287.

In this limited trial on remand, the only issue is whether Arctic Cat has satisfied its burden to show compliance with § 287. *See* Order at 6-7, ECF No. 300. Specifically, the Court has held that Arctic Cat must demonstrate either "that the unmarked Honda PWC products identified by BRP were not covered by the patent claims at issue," or "that the notice exception under Section 287 applies."[1] *Id.* Arctic Cat has conceded the first issue and has expressly admitted that "it cannot meet its burden, as set by the Federal Circuit, to show that the Honda products identified by BRP do not practice the '545 and '969 patents." Ex. 5, Email from Counsel for Arctic Cat to Counsel for BRP at 1.[2] As to the second issue, there is no genuine dispute as to any material fact, and BRP is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Filed in support of this motion are BRP's Statement of Material Facts, as well as other supporting exhibits and materials.

---

[1] In its May 14, 2018 Order, ECF No. 300, the Court rejected BRP's argument that the Federal Circuit's mandate limited this Court's jurisdiction on remand to "whether 'Arctic Cat [can] establish the Honda PWCs do not practice the asserted patents to recover damages,'" and that "this Court cannot and should not address other marking-related issues on which the Federal Circuit did not remand, because 'all issues within the scope of the appealed judgment are deemed incorporated within the mandate and thus are precluded from further adjudication.'" BRP's Concise Statement of Issues at 3, ECF No. 293 (quoting Mandate at 25, ECF No. 274 and *Engel Indus., Inc. v. Lockformer Co.*, 166 F.3d 1379, 1383 (Fed. Cir. 1999)). BRP expressly preserves and does not waive its right to appeal this Court's determination that the mandate permits trial on marking issues beyond solely "whether 'Arctic Cat [can] establish the Honda PWCs do not practice the asserted patents.'" *Id.* For purposes of this motion, however, BRP addresses all aspects of § 287.

[2] All exhibits are attached to the Statement of Material Facts filed contemporaneously with this motion pursuant to Local Rule 56.1.

I.   **STATEMENT OF THE CASE**

Arctic Cat sued BRP for infringement of claims 13, 15, 17, 19, 25, and 30 of U.S. Patent No. 6,793,545 (the "'545 patent") and claims 15-17 and 19 of U.S. Patent No. 6,568,969 (the "'969 patent"). *See* Mandate at 3-4, ECF 274; *see also* Ex. 1, '545 patent; Ex. 2, '969 patent. Specifically, Arctic Cat accused the off-throttle thrust reapplication system—Off-Throttle Assisted Steering ("OTAS")—in certain BRP Sea-Doo Personal Watercraft ("PWCs") of infringing the asserted claims. *See* Mandate at 4, ECF No. 274. This Court denied BRP's motion for summary judgment on several issues, including BRP's motion for summary judgment that Arctic Cat had failed to comply with the marking requirement of 35 U.S.C. § 287. *See id.*; *see also* Order, ECF No. 119.

Prior to trial, the parties entered into a comprehensive set of stipulations, on which the Court instructed the jury. *See* Jury Instrs. at 12-16, ECF No. 151. Several of these stipulations related to the "constructive notice" and the "actual notice" aspects of 35 U.S.C. § 287. Specifically, as to **constructive notice** by marking, the parties stipulated that: (1) "On or about February 15, 2002, Arctic Cat and Honda entered into a license agreement that included . . . both the '545 Patent and the '969 Patent"; (2) Arctic Cat "agreed to a license that did not include a marking requirement"; (3) Honda sold fourteen models of Aquatrax PWCs in the United States; and (4) Arctic Cat "did not make any effort to ensure Honda marked the PWCs that it sold with the patent number of the '545 Patent, '969 Patent, or any related patents." *Id.* at 15-16. As to the **actual notice** provision of § 287, the parties stipulated that Arctic Cat "first gave BRP actual notice of infringement of the '545 Patent and the '969 Patent on October 16, 2014, when it filed its complaint in this lawsuit." *Id.* at 16.

At trial, the jury found for Arctic Cat on infringement, invalidity, and damages. *See* Mandate at 4, ECF No. 274. The jury also found that "Arctic Cat's licensee [Honda] did not make

2

a patented article that could be marked," and therefore found that Arctic Cat was entitled to damages beginning on October 16, 2008. Verdict Form at 4, ECF No. 153.

Following the Court's denial of BRP's post-trial motions, BRP appealed to the United States Court of Appeals for the Federal Circuit on several issues, including marking. *See* Mandate at 4, ECF No. 274. The Federal Circuit affirmed on obviousness, the jury-awarded royalty rate, willful infringement, ongoing royalty, and enhanced damages, but vacated the portion of this Court's order denying judgment as a matter of law as to marking under § 287, and remanded for a new trial. *See* Order at 1-2, ECF No. 300.

Specifically, the Federal Circuit held that "[t]he burden of proving compliance with marking [under § 287] is and at all times remains on the patentee," although "an alleged infringer who challenges the patentee's compliance with § 287 bears an initial burden of production to articulate the products it believes are unmarked 'patented articles' subject to § 287." *Id.* at 2 (quoting Mandate at 22-23, ECF No. 274). The Federal Circuit held that BRP had satisfied its burden of production by producing evidence of a license agreement between Arctic Cat and Honda Motor Co., Ltd. ("Honda"), and by identifying fourteen Honda Aquatrax PWCs sold between 2002 and 2009 that BRP alleged practiced the asserted '545 and '969 patents. *See* Order at 2, ECF No. 300. The Federal Circuit held that the burden then shifted to Arctic Cat to prove compliance with the marking statute, specifically with § 287(a). *See id.* Because this Court had left that burden with BRP instead of shifting it to Arctic Cat, the Federal Circuit vacated this Court's judgment and remanded for a new trial "so that Arctic Cat has an opportunity to proffer evidence related to the identified Honda PWCs." *Id.* at 2 (quoting Mandate at 25, ECF No. 274).

Following briefing by the parties, this Court entered an order governing the scope of discovery and trial on remand. Specifically, the Court held that: "Arctic Cat's burden on remand

3

under Section 287 may be fulfilled in two ways. Arctic Cat may demonstrate that the unmarked Honda PWC products identified by BRP were not covered by the patent claims at issue. Or, Arctic [Cat] may demonstrate that the notice exception under Section 287 applies." *Id.* at 6-7.

The Court permitted limited discovery into these issues, and the period for fact discovery closed yesterday (May 31, 2018). *Id.* at 8. During that discovery period, BRP served requests for production on Arctic Cat requesting, among other things, "All documents and communications constituting, referring to, or evidencing whether any of the Honda Personal Watercraft Products practice the Asserted Patents." Ex. 3, Arctic Cat's Resps. and Objs. to Defs.' Third Set of Reqs. for Produc. No. 63 at 5. In response to this request, Arctic Cat produced no documents whatsoever. *See id.* at 5-6; *see also* Statement of Material Facts ¶ 11. Likewise, during the fact discovery period, BRP served an interrogatory on Arctic Cat asking for all "factual bases for Arctic Cat's allegations that Honda Personal Watercraft Products do not practice each asserted claim of the Asserted Patents." Ex. 4, Arctic Cat's Resps. and Objs. to Defs.' Third Set of Interrogs. No. 16 at 4. Arctic Cat identified no factual bases at all, stating only that it would "supplement this Answer as discovery continues, or through service of expert reports." *Id.* It provided no such supplementation.

On the last day of fact discovery, Arctic Cat conceded that "it cannot meet its burden, as set by the Federal Circuit, to show that the Honda products identified by BRP do not practice the '545 and '969 patents." Ex. 5 at 1.[3]

---

[3] It is not apparent that Arctic Cat *ever* had any basis to assert that the Honda PWC products identified were not covered by the Arctic Cat patents. Nor is it clear why Arctic Cat elected to maintain its apparently baseless claim that the Honda PWC products do not practice the patents until the final day of fact discovery, after BRP had invested considerable time and expense into developing facts to establish that the products do, in fact, practice the patents. BRP reserves its right to seek all appropriate remedies for Arctic Cat's conduct.

## II. ARGUMENT

Section 287 "permits either constructive notice, which is accomplished by marking the article with the patent number, or actual notice." *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1345 (Fed. Cir. 2001). Thus, to satisfy § 287, Arctic Cat must show either ***constructive notice*** by marking—"that the unmarked Honda PWC products identified by BRP were not covered by the patent claims at issue"—or ***actual notice***—"that the notice exception under Section 287 applies." Order at 6-7, ECF No. 300. Arctic Cat cannot show either constructive or actual notice.

### A. ARCTIC CAT CANNOT SHOW CONSTRUCTIVE NOTICE

#### 1. Arctic Cat Has Conceded That It Cannot Show That the Honda PWCs Do Not Practice the Claims of the '545 and '969 Patents.

As the Federal Circuit recognized in its mandate, the parties' fundamental dispute as to marking was whether any Honda Aquatrax PWC practiced any asserted claim of the '545 and '969 patents. *See* Mandate at 21, ECF No. 274 ("The only dispute between the parties is whether any of the Honda PWCs was covered by the patent claims at issue."). Arctic Cat has the burden of proof on that issue. *See id.* at 25 ("It was Arctic Cat's burden to prove those products—once identified—do not practice the patent-at-issue.")

BRP satisfied its initial burden of production by identifying fourteen models of Honda PWCs that practice at least one claim of each of the asserted patents. *See id.* at 24. Arctic Cat had the burden of coming forward—at some point during the fact discovery process—with facts showing that none of the products practiced any of the claims.

Arctic Cat has conceded that it cannot meet that burden. Specifically, counsel for Arctic Cat represented that Arctic Cat "it cannot meet its burden, as set by the Federal Circuit, to show that the Honda products identified by BRP do not practice the '545 and '969 patents." *See* Ex. 5 at 1.

5

### 2. Arctic Cat Has Failed To Show Marking.

Given Arctic Cat's concession, there is no meaningful dispute that Arctic Cat failed to satisfy the marking requirement of § 271(a). Preliminarily, the marking requirement of § 287 applies to products sold by licensees. *Amsted Indus., Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 185 (Fed. Cir. 1994) ("A licensee who makes or sells a patented article does so 'for or under' the patentee, thereby limiting the patentee's damage recovery when the patented article is not marked."); *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996) ("The marking provisions also apply to 'persons making or selling any patented article for or under [the patentees].' 35 U.S.C. § 287(a). Thus, licensees . . . and other authorized parties, such as [the licensees'] manufacturers, must also comply."). A patentee has, at minimum, an obligation to make "reasonable efforts to ensure compliance [by licensees] with the marking requirements." *Id*. at 1111-12. There is no dispute—and, in fact, Arctic Cat has stipulated—that Arctic Cat granted a license to Honda that included the '545 and '969 patents. Jury Instrs. at 15-16, ECF No. 151; *see also* Mandate at 21, ECF No. 274 ("[I]t is likewise undisputed that Honda did not mark any of its PWCs with the patent numbers at issue. Thus, if Honda sold PWC products covered by the patents at issue, Arctic Cat has failed to satisfy the marking requirements."). This is unsurprising, because, as Arctic Cat has itself admitted, Arctic Cat "did not make ***any effort*** to ensure Honda marked the PWCs that it sold with the patent number of the '545 Patent, '969 Patent, or any related patents." Jury Instrs. at 16, ECF No. 151. Arctic Cat made ***no*** effort—much less "reasonable efforts to ensure [Honda's] compliance with the marking requirements." *Maxwell*, 86 F.3d at 1111-12.

There is likewise no dispute that Honda sold fourteen models of Aquatrax PWCs in the United States (*see* Jury Instrs. at 16, ECF No. 151.), and there can be no meaningful dispute that a PWC is a tangible item capable of being marked. *Id.*; *see also Am. Med. Sys., Inc. v. Med. Eng'g*

*Corp.*, 6 F.3d 1523, 1539-40 (Fed. Cir. 1993); Order on Mots. to Strike and Summ. J. at 56-57, ECF No. 119 ("The parties stipulate that the marking requirement applies to the asserted claims of the patents-in-suit, because both Patents include apparatus claims, and a PWC is a tangible item that is capable of being marked.")

Because Arctic Cat has not shown that the Honda Aquatrax PWCs do not practice the claims of the '545 and '969 patents, and because those products were licensed and unmarked, Arctic Cat cannot satisfy the constructive notice requirement of 35 U.S.C. § 287. *See also, e.g.*, Mandate at 21, ECF No. 274 ("[I]f Honda sold PWC products covered by the patents at issue, Arctic Cat has failed to satisfy the marking requirements.").

### B.    ARCTIC CAT CANNOT SHOW ACTUAL NOTICE PRIOR TO OCTOBER 16, 2014

Arctic Cat likewise cannot show compliance with the "actual notice" exception of § 287. Section 287(a) "permits either **constructive notice**, which is accomplished by marking the article with the patent number, or **actual notice**." *Gart,* 254 F.3d at 1345 (emphasis added). The only form of "constructive notice" permitted under the statute is marking; absent marking, the only way to give notice is through actual notice: "Section 287(a) requires a party asserting infringement to either provide **constructive notice (through marking)** or **actual notice** in order to avail itself of damages." *Am. Med. Sys.*, 6 F.3d at 1537 n.18 (citing *Devices for Med., Inc. v. Boehl*, 822 F.2d 1062, 1066 (Fed. Cir. 1987)) (emphasis added). Thus, Arctic Cat cannot claim that BRP was on "constructive notice" under § 287 without a showing of marking. Absent a showing of marking, Arctic Cat's only mechanism for proving that "that the notice exception under Section 287 applies" is by demonstrating actual notice. *See* Order at 6-7, ECF No. 300.

The actual notice must be specific: "Actual notice requires the affirmative communication of a ***specific charge of infringement*** by a ***specific accused product or device***." *Amsted*, 24 F.3d at 187; *see also SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.*, 127 F.3d 1462, 1470 (Fed. Cir. 1997) (concluding "actual notice requirement of § 287(a) is satisfied when the recipient is informed of the identity of the patent and the activity that is believed to be an infringement, accompanied by a proposal to abate the infringement"); *Minks v. Polaris Indus., Inc.*, 546 F.3d 1364, 1376 (Fed. Cir. 2008) (holding that notice referring to the patent and including an admonishment not to infringe is insufficient for actual notice). Arctic Cat has identified no specific charge of infringement by any specific accused product or device prior to filing this lawsuit. It therefore cannot satisfy the specificity requirement for actual notice.

Critically, it is the patent owner itself that must provide the actual notice. As the Federal Circuit has made clear repeatedly, "[t]he notice of infringement must . . . come from the patentee." *Am. Med. Sys.*, 6 F.3d at 1537 n.18; *see also Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1326 (Fed. Cir. 2001) (explaining that "§ 287(a) requires that the patentee give notice"); *Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*, 610 F. Supp. 2d 370, 390 (M.D. Pa. 2009), *aff'd*, 477 F. App'x 740 (Fed. Cir. 2012) ("Section 287 mandates that ***the patentee*** take affirmative steps to protect its rights by notifying the infringer of the purported violation . . . Under § 287, [the patent owner] had the affirmative duty to police its patent and, in the event it unearthed an incident of infringement, to notify the purported infringer.").

Arctic Cat has suggested that it can satisfy the actual notice requirement by showing that BRP's willful infringement implies (or even conclusively proves) that the actual notice requirement was satisfied. *See* Arctic Cat's Concise Statement of Issues at 4, ECF No. 291 (arguing that issue for resolution on remand is "whether BRP had actual notice ***as reflected in the***

8

*jury's finding of willful infringement.*" (emphasis added)). Arctic Cat is wrong on the law: the willfulness judgment is not even relevant to—much less dispositive on—the issue of actual notice. It is *Arctic Cat's conduct*, not BRP's, that is determinative of actual notice: "The correct approach to determining notice under section 287 must focus on the action of the patentee, not the knowledge or understanding of the infringer." *Amsted*, 24 F.3d at 187. "Absent notice, *[defendant's] 'knowledge of the patents' is irrelevant*." *Devices for Med.*, 822 F.2d at 1066 (emphasis added). Thus, Arctic Cat's claim that BRP's knowledge, understanding, intent, or willfulness is relevant to the actual notice requirement of § 287 is incorrect as a matter of law.

Finally, the parties' stipulation is dispositive on the date of actual notice. The parties expressly stipulated that Arctic Cat "first gave BRP actual notice of infringement of the '545 Patent and the '969 Patent on October 16, 2014, when it filed its complaint in this lawsuit." Jury Instrs. at 16, ECF No. 151. Arctic Cat cannot now claim a different, earlier date for actual notice. Accordingly, Arctic Cat's damages are limited to sales occurring after October 16, 2014—the date on which the parties agree that Arctic Cat gave BRP actual notice. *See, e.g.*, *Amsted,* 24 F.3d at 186 ("[A]bsent marking, a patentee may not recover damages without proof that 'the infringer was notified of the infringement.'") (quoting § 287(a)).

### III.   CONCLUSION

For these reasons, the Court should grant summary judgment in favor of BRP.

9

Dated:  June 1, 2018.

Respectfully submitted,

*/s/ Scott M. Sarason*
Counsel for BRP US INC. and Bombardier Recreational Products Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by electronically filing with the Clerk of the Court using CM/ECF this 1st day of June, 2018 on all counsel or parties of record on the Service List below.

*/s/ Scott M. Sarason*
SCOTT M. SARASON
Florida Bar No.: 0394718
E-mail:  ssarason@rumberger.com
Secondary e-mail:  ssarasonsecy@rumberger.com and docketingmiami@rumberger.com
MICHAEL R. HOLT
Florida Bar No.: 0483450
E-Mail:  mholt@rumberger.com
Secondary E-Mail:  mholtsecy@rumberger.com and docketingmiami@rumberger.com
RUMBERGER, KIRK & CALDWELL
A Professional Association
Brickell City Tower, Suite 3000
80 S.W. 8th Street
Miami, Florida  33130-3037
Telephone:  (305) 358-5577
Telecopier:  (305) 371-7580

and

William F. Lee (admitted pro hac vice)
William.lee@wilmerhale.com
Louis W. Tompros (admitted pro hac vice)
Louis.tompros@wilmerhale.com
Jennifer J. John (admitted pro hac vice)
Jennifer.john@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr, LLP
60 State Street
Boston, MA 02109
Telephone:  (617)526-6000
Facsimile: (617) 526-5000

*Attorneys for Defendant BRP U.S. Inc. and Bombardier Recreational Products Inc.*

## SERVICE LIST

Lance A. Harke
lharke@harkeclasby.com
Sarah Clasby Engel
sengel@harkelaw.com
Howard M. Bushman
hbushman@harkelaw.com
Harke Law LLP
9699 NE Second Avenue
Miami Shores, FL 33138
Telephone: (305) 536-8220
Facsimile: (305) 536-8229

*Attorneys for Plaintiff Arctic Cat Inc.*

C. Alex Shank (Pro Hac Vice)
alex.shank@kirkland.com
Nathan S. Mammen (Pro Hac Vice)
nathan.mammen@kirkland.com
Gregg F. LoCascio (Pro Hac Vice)
gregg.locascio@kirkland.com
Kirkland & Ellis, LLP
655 Fifteenth Street, N.W.
Washington, DC 20005
Telephone:  (202) 879-5000

*Attorneys for Plaintiff Arctic Cat Inc.*

Nicholas S. Boebel (Pro Hac Vice)
Hansen Reynolds LLC
225 S. Sixth Street, Suite 3900
Minneapolis, MN 55402
Telephone:  (612) 286-0208
nboebel@hansenreynolds.com

*Attorneys for Plaintiff Arctic Cat Inc.*

Niall A. MacLeod (Pro Hac Vice)
Niall.macleod@kutakrock.com
Diane L. Peterson (Pro Hac Vice)
Diane.peterson@kutakrock.com
Aaron A. Myers (Pro Hac Vice)
Aaron.myers@kutakrock.com
Kutak Rock LLP
60 South Sixth Street, Suite 3400
Minneapolis, MN 55402
Telephone: (612) 334-5000
Fax:  (612) 334-5050

*Attorneys for Plaintiff Arctic Cat Inc.*

7493866.1