**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 14-62369-CIV-BLOOM/VALLE**

ARCTIC CAT INC.,
    Plaintiff,
v.

BOMBARDIER RECREATIONAL
PRODUCTS INC., *et al.*,
    Defendants.
_____/

**DEFENDANTS' STATEMENT OF MATERIAL FACTS IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**

1. On or about February 15, 2002, Arctic Cat and Honda Motor Co., Ltd. ("Honda") entered into a license agreement that included both U.S. Patent No. 6,793,545 (Ex. 1, '545 Patent) and U.S. Patent No. 6,568,969 (Ex. 2, '969 Patent). (Jury Instructions Stipulation ¶ EE, ECF No. 151).

2. During negotiations with Honda, Arctic Cat agreed to a license that did not include a marking requirement. (Jury Instructions Stipulation ¶ FF, ECF No. 151).

3. Honda sold at least, fourteen Aquatrax PWC models in the United States. (Jury Instructions Stipulation ¶ II, ECF No. 151).

4. Arctic Cat did not make any effort to ensure Honda marked the PWCs that it sold with the patent number of the '545 Patent, '969 Patent, or any related patents. (Jury Instructions Stipulation ¶ JJ, ECF No. 151).

5. Arctic Cat first gave BRP actual notice of infringement of the '545 Patent and the '969 Patent on October 16, 2014, when it filed its complaint in this lawsuit. (Jury Instructions Stipulation ¶ KK, ECF No. 151).

6. Arctic Cat stipulated to facts 1-5, as reflected in the Court's Jury Instructions. (Jury Instructions Stipulations ¶¶ EE, FF, II, JJ, KK, ECF No. 151).

7. BRP challenged Arctic Cat's compliance with 35 U.S.C. § 287 and bore an initial burden of production to articulate the products it believes are unmarked patented articles subject to § 287. BRP satisfied this burden of production by producing evidence of a license agreement between Arctic Cat and Honda, and by identifying fourteen Honda Aquatrax PWCs. (Mandate at 22-23, ECF No. 274).

8. Arctic Cat has identified no specific charge of infringement communicated to BRP by any specific accused product or device prior to filing this lawsuit.

9. Arctic Cat has produced no affirmative communication of a specific charge of infringement by a specific accused product or device dated prior to the filing of this lawsuit.

10. Arctic Cat has the burden of coming forward with facts showing that the Honda Aquatrax PWCs do not practice the patents-in-suit.

11. BRP served requests for production on Arctic Cat requesting, among other things, "All documents and communications constituting, referring to, or evidencing whether any of the Honda Personal Watercraft Products practice the Asserted Patents."  (Ex. 3, Arctic Cat's Resps. and Objs. to Defs.' Third Set of Reqs. for Produc. at 5.  In response to this request, Arctic Cat produced no documents.)

12. BRP served an interrogatory on Arctic Cat asking for all "factual bases for Arctic Cat's allegations that Honda Personal Watercraft Products do not practice each asserted claim of the Asserted Patents."  (Ex. 4, Arctic Cat's Resps. and Objs. to Defs.' Third Set of Interrogs. at 4.)  Arctic Cat stated only that it would "supplement this Answer as discovery continues, or through service of expert reports."  *Id.*  Arctic Cat did not supplement its Answer.

13. Fact discovery closed on May 31, 2018.  Order at 8, ECF No. 300.

14. On May 31, 2018, "Arctic Cat agree[d] that it cannot meet its burden, as set by the Federal Circuit, to show that the Honda products identified by BRP do not practice the '545 and '969 patents."  (Ex. 5, Email from Counsel for Arctic Cat to Counsel for BRP, at 1.)

Dated:  June 1, 2018.

Respectfully submitted,

/s/ Scott M. Sarason
Counsel for BRP US INC. and Bombardier Recreational Products Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by electronically filing with the Clerk of the Court using CM/ECF this 1st day of June, 2018 on all counsel or parties of record on the Service List below.

/s/ Scott M. Sarason
SCOTT M. SARASON
Florida Bar No.: 0394718
E-mail:  ssarason@rumberger.com
Secondary e-mail:  ssarasonsecy@rumberger.com and docketingmiami@rumberger.com
MICHAEL R. HOLT
Florida Bar No.: 0483450
E-Mail:  mholt@rumberger.com
Secondary E-Mail:  mholtsecy@rumberger.com and docketingmiami@rumberger.com
RUMBERGER, KIRK & CALDWELL
A Professional Association
Brickell City Tower, Suite 3000
80 S.W. 8th Street
Miami, Florida  33130-3037
Telephone:  (305) 358-5577
Telecopier:  (305) 371-7580

and

William F. Lee (admitted pro hac vice)
William.lee@wilmerhale.com
Louis W. Tompros (admitted pro hac vice)
Louis.tompros@wilmerhale.com
Jennifer J. John (admitted pro hac vice)
Jennifer.john@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr, LLP
60 State Street
Boston, MA 02109
Telephone: (617)526-6000
Facsimile: (617) 526-5000

*Attorneys for Defendant BRP U.S. Inc. and Bombardier Recreational Products Inc.*

## SERVICE LIST

Lance A. Harke
lharke@harkeclasby.com
Sarah Clasby Engel
sengel@harkelaw.com
Howard M. Bushman
hbushman@harkelaw.com
Harke Law LLP
9699 NE Second Avenue
Miami Shores, FL 33138
Telephone: (305) 536-8220
Facsimile: (305) 536-8229

*Attorneys for Plaintiff Arctic Cat Inc.*

C. Alex Shank (Pro Hac Vice)
alex.shank@kirkland.com
Nathan S. Mammen (Pro Hac Vice)
nathan.mammen@kirkland.com
Gregg F. LoCascio (Pro Hac Vice)
gregg.locascio@kirkland.com
Kirkland & Ellis, LLP
655 Fifteenth Street, N.W.
Washington, DC 20005
Telephone: (202) 879-5000

*Attorneys for Plaintiff Arctic Cat Inc.*

Nicholas S. Boebel (Pro Hac Vice)
Hansen Reynolds LLC
225 S. Sixth Street, Suite 3900
Minneapolis, MN 55402
Telephone: (612) 286-0208
nboebel@hansenreynolds.com

*Attorneys for Plaintiff Arctic Cat Inc.*

Niall A. MacLeod (Pro Hac Vice)
Niall.macleod@kutakrock.com
Diane L. Peterson (Pro Hac Vice)
Diane.peterson@kutakrock.com
Aaron A. Myers (Pro Hac Vice)
Aaron.myers@kutakrock.com
Kutak Rock LLP
60 South Sixth Street, Suite 3400
Minneapolis, MN 55402
Telephone: (612) 334-5000
Fax: (612) 334-5050

*Attorneys for Plaintiff Arctic Cat Inc.*

7493866.1